# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1179**

**TP 16-00683**

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF LARBI ADOUI, DOING BUSINESS
AS THE CORNER STORE, PETITIONER,

                    V                                        MEMORANDUM AND ORDER

COMMISSIONER OF PERMIT AND INSPECTION SERVICES
AND CITY OF BUFFALO, RESPONDENTS.

---

SHAW & SHAW, P.C., HAMBURG (JACOB A. PIORKOWSKI OF COUNSEL), FOR
PETITIONER.

---

        Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Tracey A.
Bannister, J.], entered April 13, 2016) to review a determination of
respondent Commissioner of Permit and Inspection Services.  The
determination revoked the food store license and restaurant take-out
license of petitioner.

        It is hereby ORDERED that the order insofar as it transferred the
proceeding to this Court is unanimously vacated without costs, and the
matter is remitted to Supreme Court, Erie County, for further
proceedings in accordance with the following memorandum:  In this CPLR
article 78 proceeding transferred to this Court pursuant to CPLR 7804
(g), petitioner seeks review of a determination of respondent
Commissioner of Permit and Inspection Services to revoke petitioner's
food store license and restaurant take-out license.  We note that
respondents did not file and serve an answer before the matter was
transferred, and they did not subsequently do so "within 25 days of
filing and service of the order of transfer" (22 NYCRR 1000.8 [a]).
However, "[s]hould the body or officer fail either to file and serve
an answer or to move to dismiss, the court may either issue a judgment
in favor of the petitioner or order that an answer be submitted" (CPLR
7804 [e]).  In light of this State's policy against annulling an
administrative body's determination on the basis of a failure to
answer the petition (*see generally Matter of Abrams v Kern*, 35 AD2d
971, 971), we vacate the order insofar as it transferred the
proceeding to this Court and remit the matter to Supreme Court with
instructions to direct respondents to file an answer with the complete
administrative record, and for further proceedings in accordance with
CPLR 7804 (g) as may be appropriate following joinder of issue.

Entered:  February 3, 2017                          Frances E. Cafarell
                                                    Clerk of the Court